

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-7-2005

# Gunawan v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3091

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Gunawan v. Atty Gen USA" (2005). *2005 Decisions.* Paper 1059.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1059

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 04-3091/04-3092
_____

SANTOSO GUNAWAN, DEYSKE OROH,
and DEBORA TRIVENA SANTOSO
                                        Petitioners,

vs.

ALBERTO R. GONZALES,[*]
Attorney General of the United States,
                                        Respondent.
_____

On Petition for Review of an Order of Removal
from the Board of Immigration Appeals
U.S. Department of Justice
Executive Office for Immigration Review
(BIA Nos. A96-264-283/A96-264-284/A96-264-285)
_____

Argued: Thursday, May 26, 2005
_____

Before: SCIRICA, ALITO, and GARTH, Circuit Judges

(Opinion Filed: June 7,  2005)
_____

OPINION
_____

_____

[*] Attorney General Alberto Gonzales has been substituted for former Attorney General
John Ashcroft, the original respondent in this case, pursuant to Fed. R. App. P. 43(c).

Garth, Circuit Judge:

Santoso Gunawan, Deyske Oroh, and Debora Trivena Santoso, all of whom are natives and citizens of the Republic of Indonesia, petition this Court to review the June 22, 2004 decision of the Board of Immigration Appeals ("BIA"). That decision denied their motion to reopen an *in absentia* removal order issued by the Immigration Judge ("IJ") on June 3, 2003. We have jurisdiction to review the BIA's denial of the motion to reopen under 8 U.S.C. § 1252. We will deny the Petition for Review.

I.

Because we write exclusively for the benefit of the parties who are well acquainted with the facts and procedural posture of the present action, we will recount only those matters most relevant to the issues before us. On May 12, 2003, the Immigration and Naturalization Service ("INS")[1] commenced removal proceedings against Santoso Gunawan, his wife Deyske Oroh, and his daughter Debora Trivena Santoso (hereinafter, "Petitioners"), charging them with removability under Section 237(a)(1)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(1)(B), as non-immigrants who had remained in the United States for a time longer than permitted. The charging documents directed Petitioners to appear before the United States Immigration Court in Newark,

_____

[1] As of March 2003, "the INS ceased to exist as an independent agency within the United States Department of Justice ['DOJ'] and its functions were transferred to the newly formed United States Department of Homeland Security." *Leia v. Ashcroft*, 393 F.3d 427, 430 n.4 (3d Cir. 2005). The BIA remains within the DOJ. *Knapik v. Ashcroft*, 384 F.3d 84, 86 n.2 (3d Cir. 2004) (citing Homeland Security Act of 2002, Pub. L. No. 107-296, §§ 441, 451, 471, 116 Stat. 2135 (2002)).

New Jersey on June 3, 2003 to show cause why they should not be removed from the United States. Petitioners, however, failed to appear at the scheduled hearing. As a result, on June 3, 2003, the IJ proceeded in absentia, *see* 8 U.S.C. § 1229a(b)(5)(A), and ordered Petitioners removed to Indonesia.

In June 2003, Petitioners filed a pro se motion to reopen their removal proceedings, contending that they had notified the immigration court of their change of address, excusing them from appearing for their scheduled June 3, 2003 hearing. On June 30, 2003, apparently after obtaining counsel, Petitioners mailed an affidavit to the IJ in support of their motion to reopen. In this affidavit, Santoso Gunawan declared that, in failing to appear for the hearing, he relied on the fraudulent and erroneous advice of a non-attorney, who had told him that the filing of a change of address form would excuse himself and his family from appearing at the scheduled hearing. This non-attorney had allegedly assisted Gunawan in preparing his asylum application, which also included claims of asylum on behalf of his wife and daughter. The affidavit, however, mentioned no specific name, address or any other information concerning this person. Petitioners submitted no other record evidence besides the affidavit.

In their appellate briefs to this Court, and in two supplemental declarations submitted for the first time on appeal,[2] Petitioners relate the following story, providing additional details surrounding their alleged reliance on the advice of this non-attorney.

_____

[2] Petitioners filed a motion to supplement the administrative record to include these two additional declarations. *See* note 5 *infra*.

Upon deciding to apply for asylum, Gunawan sought the help of Jonathan Tsao, a non-attorney who specialized in the preparation of asylum applications. Gunawan knew that Tsao was not a licensed attorney, and Tsao never made any claims to the contrary. Tsao assisted in translations and the asylum interview process, charging Petitioners roughly $1500 for his services. Upon receiving the Notice to Appear, Gunawan sought Tsao's advice, who allegedly told Gunawan that he could file a change of address form with the Newark Court. That filing, Tsao explained, would excuse them from appearing for the June 3, 2003 hearing, inasmuch as the family now lived in Flushing, New York. Gunawan relied on these assurances, and thus neither he nor his family appeared at the hearing. Pursuant to Tsao's directions, he waited for a notice from the New York-based immigration court.

When the IJ in Newark issued the *in absentia* removal order, Gunawan contacted Tsao and thereafter obtained his assistance in drafting a pro se motion to reopen, which explained that he mistakenly believed that he did not need to attend the hearing after filing the change of address form. Tsao again informed Gunawan that he needed only to wait for the notice from the court in New York. Hearing nothing further from the New York court, Gunawan eventually became suspicious and subsequently returned to Tsao's office. He thereafter learned that Tsao had left for China due to business problems.

Petitioners retained counsel, who filed the affidavit with the immigration court, indicating that reliance on unauthorized legal advice excused their failure to appear. The

IJ denied the motion to reopen on July 18, 2003, finding that Petitioners received adequate notice of the hearing date and failed to establish exceptional circumstances for their failure to appear. *See* 8 U.S.C. § 1229a(b)(5)(C)(i) (providing that an *in absentia* removal order may be rescinded "if the alien demonstrates that the failure to appear was because of exceptional circumstances").

Petitioners thereafter appealed to the BIA. The BIA adopted and affirmed the decision of the IJ. *See Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994) (noting that adoption or affirmance of a decision of an IJ, in whole or in part, is "simply a statement that the Board's conclusions upon review of the record coincide with those which the immigration judge articulated in his or her decision"). In particular, the BIA found insufficient evidence of fraud, the only record evidence being the one self-serving affidavit. The BIA further found, as a matter of law, that Petitioners failed to establish a claim of ineffective assistance pursuant to the established procedures set forth in *Matter of Lozada*, 19 I.&N. Dec. 637 (BIA 1988), *aff'd*, 857 F.2d 10 (1st Cir. 1988).

This timely appeal followed.

II.

We review the BIA's decision denying Petitioners' motion to reopen for abuse of discretion. *See INS v. Doherty*, 502 U.S. 314, 323 (1992). Under the abuse of discretion standard, the BIA's decision "will not be disturbed unless [it is] found to be arbitrary, irrational or contrary to law." *Tipu v. INS*, 20 F.3d 580, 582 (3d Cir. 1994) (citations

omitted).  In ruling on questions of law, we review the BIA's legal conclusions de novo. *Smriko v. Ashcroft*, 387 F.3d 279, 282 (3d Cir. 2004).  We review factual determinations under a "substantial evidence" standard, which requires us to treat findings of fact as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Ambartsoumian v. Ashcroft*, 388 F.3d 85, 89 (3d Cir. 2004).

In addition, the scope of our review of a removal order entered *in absentia* is limited by 8 U.S.C. § 1229a(b)(5)(D) to: (1) the validity of the notice provided to the alien, (2) the reasons for the alien's not attending the proceeding, and (3) whether or not the alien is removable.  The first and third issues are not contested in this appeal, confining our review to the reasons for Petitioners' failure to appear at the removal hearing.[3]

Petitioners essentially claim ineffective assistance of counsel, contending that their failure to appear resulted from the fraudulent advice of a non-attorney.  A threshold question here, however, is a purely factual one: whether Petitioners made an adequate showing of fraud to the BIA.  Concluding, as we do, that the BIA committed no error in finding that there was insufficient evidence of fraud, we find it unnecessary under the

---

[3] To this end, 8 U.S.C. § 1229a(b)(5)(C) provides that such an order may be rescinded "upon a motion to reopen filed within 180 days after the date of the order of removal if the alien demonstrates that the failure to appear was because of exceptional circumstances." "Exceptional circumstances" are circumstances beyond the control of the alien such as the serious illness of the alien or serious illness or death of the spouse, child or parent of the alien, but do not include less compelling circumstances. 8 U.S.C. § 1229a(e)(1).

facts of this case to consider whether such fraud, if adequately shown, would warrant rescission of the in absentia removal order.[4]

A finding of fraud is a factual determination to be made by the BIA in the first instance. *Borges v. Gonzales*, 402 F.3d 398, 407 (3d Cir. 2005). Applying the deferential substantial evidence standard to this determination, we cannot say that the record evidence compels a contrary conclusion here. Petitioners submitted only one piece of evidence to the BIA: a self-serving affidavit from Santoso Gunawan. In that declaration, Gunawan admitted that both he and his wife and daughter were "ordered to appear in the Immigration Court in Newark, NJ, on June 3, 2003." He claimed that he "was told by the person who helped me prepare my application for asylum that because I had filed this change of address form with the court I did not have to appear for my hearing in New Jersey." Affidavit of Santoso Gunawan ¶ 8. However, as we have indicated, he failed to

---

[4] The precise legal question here is whether the ineffective assistance of a non-attorney (who does not purport to be an attorney) is an exceptional circumstance justifying an alien's nonappearance at his immigration hearing. The First, Sixth, and Ninth Circuits have held ineffective assistance of counsel to be an "exceptional circumstance." *See, e.g.*, *Asaba v. Ashcroft*, 377 F.3d 9, 11 n.4 (1st Cir. 2004); *Denko v. INS*, 351 F.3d 717, 723-25 (6th Cir. 2003); *Reyes v. Ashcroft*, 358 F.3d 592, 596 (9th Cir. 2004). While we have indicated a strong willingness to join them, we have not yet expressly done so. *See Borges v. Gonzales*, 402 F.3d 398, 408 (3d Cir. 2005). Even assuming, though, that ineffective assistance of counsel constitutes "exceptional circumstances," this appeal is twice-removed from such a determination. First, it involves the ineffective assistance of a *non-attorney*. Second, and perhaps more importantly, it also involves a non-attorney who never purported to be an attorney. *Compare Lopez v. INS*, 184 F.3d 1097, 1100 (9th Cir. 1999) (recognizing ineffective assistance of counsel claims where non-lawyers purported to be attorneys). The BIA did not abuse its discretion in finding that the alien's predicament, which was not due to factors beyond his control, did not involve "exceptional circumstances." Consequently, we also need not discuss the procedural requirements of *Lozada*, another issue raised in this appeal.

identify the alleged person by name. He also failed to provide an address or any other particular information concerning the person. Lacking any specific details, and in the absence of any corroborative evidence, the declaration was less than persuasive.

Because Petitioners submitted no other record evidence, we cannot conclude that the BIA erred in finding insufficient evidence of fraud.[5]  As such, the BIA did not abuse its discretion in denying the motion to reopen.

We will DENY the Petition for Review of the BIA's decision.

---

[5] We note that the BIA might have made a different factual determination had it considered the two supplemental declarations from Santoso Gunawan and Gregory Kuntashian, Esq. Unfortunately, Gunawan failed to present this evidence before the BIA, and instead filed a motion to supplement the administrative record on appeal. We initially granted that motion on May 5, 2005. We had assumed that we possessed the power to admit this non-record evidence on appeal and remand for consideration by the BIA.

On May 24, 2005, however, the government filed a motion to reconsider the Court's May 5, 2005 order. Citing to *Najjar v. Ashcroft*, 257 F.3d 1262, 1278 (11th Cir. 2001), the government contends that this Court is without power to remand cases to the BIA for consideration of supplemental evidence. Upon further reflection, and notwithstanding the untimeliness of the government's motion, we believe that the government is correct and therefore we find ourselves compelled to grant the government's motion to reconsider. *See* 8 U.S.C. § 1252(a)(1) (stating that "the court may not order the taking of additional evidence under section 2347(c) of Title 28."); *see also Gebremaria v. Ashcroft* 378 F.3d 734, 737 (8th Cir. 2004) ("IIRIRA's prohibition of remanding for the consideration of additional evidence pertains to non-record evidence that is introduced in the first instance before a reviewing court."). We thus can do nothing more than examine the record before the BIA, and as we have indicated above, the BIA's factual finding is supported by that record.

Accordingly, on reconsideration, we will grant the government's motion to reconsider the Court's May 5, 2005 order, which had granted Petitioners' motion to supplement the administrative record. In doing so, we will also withdraw our May 5, 2005 order and deny Petitioners' motion to supplement the record.