**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2082
_____

DIEULAND JEAN LOUIS,
                                                    Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
                                                    Respondent
_____

On Petition for Review of a Decision of the
United States Department of Justice
Board of Immigration Appeals
(Agency No. A206-596-150)
Immigration Judge: Honorable Ramin Rastegar
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on November 14, 2018

Before: GREENAWAY, JR., SHWARTZ, and BIBAS,
*Circuit Judges*.

(Filed: January 23, 2019)

Raymond S. Vivino
Vivino & Vivino
401 Hamburg Turnpike
Suite 201
Wayne, NJ 07474
    *Counsel for Petitioner*

Tim Ramnitz
Jennifer A. Singer
John D. Williams
United States Department of Justice
Office of Immigration Litigation
Room 10006
P.O. Box 878
Ben Franklin Station
Washington, DC 20044
    *Counsel for Respondent*

————————————

OPINION OF THE COURT
————————————

BIBAS, *Circuit Judge*.

A non-lawyer "immigration expert" advised Dieuland Jean Louis that he could miss his asylum hearing without consequence. I App. A6-7. So he did. But the "immigration expert" was wrong—and an immigration judge relied on Jean Louis's absence to order his removal *in absentia*. *Id.*

Jean Louis now contends that we should reopen that order because the non-lawyer's advice qualifies as an exceptional

circumstance. But that is not the law. Exceptional circumstances must be grave and beyond the applicant's control. And holding the hearing without Jean Louis did not violate due process because he had the opportunity to attend. He chose not to. So we will deny his petition for review.

## I. BACKGROUND

Jean Louis, a native and citizen of Haiti, entered the United States illegally. He later applied for asylum. While that application was pending, he married a U.S. citizen and sought citizenship on that basis.

Jean Louis received a notice, dated August 2016, explaining that he had to appear for an asylum hearing in June 2017. The notice made clear that the immigration judge could hold the hearing and remove Jean Louis if he did not attend.

But Jean Louis, who does not speak English, wanted advice. So he went to Gustave Thermitus. Thermitus is associated with Caracol Financial. He is not a lawyer and does not belong to a legal organization. Still, Jean Louis thought Thermitus was a lawyer.

But Thermitus did not hold himself out as a lawyer. And Jean Louis does not claim that Thermitus intentionally misled him. According to Jean Louis, Thermitus held himself out as "an immigration expert that performed other work as well." II App. A6.

Jean Louis asked Thermitus about his notice. Thermitus told him he did not have to go to the hearing because he had another path to citizenship: marriage. That advice was wrong.

So Jean Louis did not attend his asylum hearing. The hearing was held without him. Because he had conceded that he had entered the country illegally, the judge found him removable and ordered him removed.

Jean Louis then reached out to Thermitus. Thermitus said he worked with a lawyer who could file a motion for Jean Louis. This was little comfort to Jean Louis, who until that moment had thought that Thermitus himself was a lawyer.

So Jean Louis hired a real lawyer and moved to reopen his asylum case. The immigration judge denied the motion. The Board of Immigration Appeals affirmed because no "exceptional circumstances" had prevented Jean Louis from attending his hearing. AR 3-4.

The Board had jurisdiction under 8 C.F.R. § 1003.1(b)(3). We have jurisdiction under 8 U.S.C. § 1252(a)(5). We review the Board's decision not to reopen an *in absentia* removal order for abuse of discretion. *Ramos-Olivieri v. Att'y Gen.*, 624 F.3d 622, 625 (3d Cir. 2010). We review questions of law, including whether an alien's due process rights were violated, *de novo*. *Contreras v. Att'y Gen.*, 665 F.3d 578, 583 (3d Cir. 2012).

## II. A NON-LAWYER'S BAD ADVICE IS NOT AN EXCEPTIONAL CIRCUMSTANCE

The Board need reopen Jean Louis's removal order only if "exceptional circumstances" prevented him from attending the hearing. 8 U.S.C. § 1229a(b)(5)(C) (also listing two other grounds for rescinding a removal order, neither of which applies here). He has not made that showing.

To warrant reopening an *in absentia* removal order, exceptional circumstances must be "beyond the control of the alien." 8 U.S.C. § 1229a(e)(1). The statute lists several examples: "battery or extreme cruelty to the alien or any child or parent of the alien, serious illness of the alien, or serious illness or death of the spouse, child, or parent of the alien." *Id.* And it makes clear that other circumstances do not count if they are "less compelling" than these examples. *Id.* In short, exceptional circumstances must not only be extreme, but also beyond the alien's control.

Jean Louis's situation does not meet this high bar. He followed bad advice from someone he trusted. It was his choice—and his alone—to seek out and follow that advice. So his circumstances were not beyond his control. And his situation is a far cry from the death, serious illness, or abuse outlined in the statute. People make mistakes every day. But generally, mistakes do not rise to the extreme level of extreme cruelty, serious illness, or death. *See id.*

Our precedent supports this result. We have held that fraud committed by lawyers and paralegals can qualify as an exceptional circumstance. *Borges v. Gonzales*, 402 F.3d 398, 408 (3d Cir. 2005). While some circuits have found that ineffective assistance of counsel qualifies too, we have neither adopted nor rejected that position. *Id.* But we have noted that the fraud alleged in *Borges* was more extreme than a typical ineffective-assistance claim. *Id.*

Jean Louis's case differs from *Borges* in two important ways. First, Thermitus is neither a lawyer nor a legal assistant. So accepting Jean Louis's argument would extend *Borges* far

5

beyond legal representation. Second, Jean Louis has not shown that Thermitus defrauded him. Thermitus never pretended to be a lawyer or offered to represent Jean Louis in court. But in *Borges,* fraud was "the crucial issue." *Id. Borges* carefully limited its holding to fraud committed by lawyers and legal organizations. We will not extend *Borges*'s limited holding beyond that boundary.

### III. *IN ABSENTIA* REMOVAL ORDERS DO NOT CATEGORICALLY VIOLATE DUE PROCESS

Next, Jean Louis argues that his *in absentia* removal order violates his due process rights. Due process indeed guarantees aliens a hearing and an opportunity to be heard and present evidence. *Abdulrahman v. Ashcroft*, 330 F.3d 587, 596 (3d Cir. 2003). But the immigration judge did not violate these rights by holding the hearing without Jean Louis. Jean Louis had an opportunity to attend his hearing, but chose not to.

Jean Louis's argument would have troubling consequences: If we held that *in absentia* hearings violated due process, we would effectively invalidate 8 U.S.C. § 1229a(b)(5)(A), which specifically permits *in absentia* hearings. And we would perversely let aliens avoid removal by not attending their hearings. So *in absentia* removal orders do not categorically violate due process.

Jean Louis relies on one of our precedents to make his due process argument, but this precedent is distinguishable. In *Cabrera-Perez v. Gonzales*, an alien arrived for her hearing fifteen to twenty minutes late. 456 F.3d 109, 117 (3d Cir. 2006). We held that due process forbids treating slight lateness as a

6

failure to appear if, when the alien arrives, the judge "is either still on the bench or recently retired." *Id.* at 116. But coming late is very different from not showing up at all. *Id.* at 117. Jean Louis did not show up at all, so *Cabrera-Perez* is inapt. His removal order satisfied due process.

\* \* \* \* \*

We recognize that this result may seem harsh. Jean Louis relied on someone whom he thought was an expert. But this situation, while regrettable, is not exceptional. So we will deny his petition.