**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3141
_____

MUHAMMAD SAJJAD NAWAZ,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(BIA 1:A214-327-164)
Immigration Judge:  David Cheng
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 6, 2022

Before:  JORDAN, HARDIMAN, and MATEY, *Circuit Judges*

(Filed:  September 23, 2022)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

JORDAN, *Circuit Judge*.

Petitioner Muhammad Nawaz is a native and citizen of Pakistan. He was admitted into the United States in June 2016 as a nonimmigrant with authorization to remain in the United States until November 2016. He stayed longer than that, and in 2019 the Department of Homeland Security ("DHS") initiated removal proceedings by serving him with a Notice to Appear ("NTA"). Nawaz failed to appear at his scheduled hearing, so an Immigration Judge ("IJ") conducted the hearing *in absentia* and ordered his removal. Nawaz then filed a motion to reopen the proceedings, claiming that he had not received proper notice of the hearing and that he was eligible for adjustment of status as the spouse of a U.S. citizen. The IJ denied the motion, finding that Nawaz had been given proper notice. The Board of Immigration Appeals ("BIA") dismissed the appeal. We will deny his petition for review.

I.  **BACKGROUND**[1]

In June 2019, Nawaz received an NTA sent by regular mail to his home address, directing him to appear before an IJ in Newark, NJ on October 11, 2019. Two months later, he retained counsel, who dialed the 1-800 number provided for checking on the status of his case. Counsel learned, and informed Nawaz, that no hearing was scheduled. Nawaz regularly called the 1-800 number after that but failed to get any information about the date for the hearing.

---

[1] Nawaz submitted an affidavit in support of the motion to reopen, and, for purposes of deciding this petition, we accept the facts he states and recount the following narrative in accordance with them.

2

Although Nawaz's calls proved fruitless, he nevertheless went to the Immigration Court on October 11, as prescribed in the NTA. At the court, a clerk told him that no hearing was scheduled in the system. Nawaz confirmed that the court had his correct address, and the clerk instructed him to regularly check his mail for correspondence related to the NTA.

A Notice of Hearing in Removal Proceedings ("Hearing Notice") was sent by the Immigration Court by regular mail to Nawaz's home address on October 22, directing him to appear at a hearing on November 8. Nawaz, however, maintains that he did not receive that notice.

When Nawaz failed to appear on November 8, the IJ conducted the hearing *in absentia* and ordered that he be removed to Pakistan. The IJ found that Nawaz was provided written notice of the removal hearing, which included a warning that failing to appear carried a risk that a removal order would be entered. The IJ also found no reason to excuse Nawaz's absence and concluded that DHS had established his removability. A copy of the removal order was mailed to Nawaz.

On November 19, Nawaz attended his regular appointment with U.S. Immigration and Customs Enforcement in Marlton, New Jersey. There, for the first time, he learned of the removal hearing and resulting order. He promptly filed a motion to reopen "on the basis of not having received any actual notice of the hearing[.]" (A.R. at 45.) If the

3

matter was reopened, he said, he would concede removability but would seek relief such as voluntary departure or adjustment of status based on his marriage to a U.S. citizen.[2]

The IJ denied the motion and noted that Nawaz "does not contest service of [the] NTA[.]" (A.R. at 36.)  The IJ rejected Nawaz's claim that he had not received the Hearing Notice, finding that the Hearing Notice was sent to his last known address – the same address as the NTA, which he did receive – and that the Hearing Notice was not returned by the U.S. Postal Service.

Nawaz appealed to the BIA, which dismissed the appeal.  The BIA was unpersuaded that Nawaz had not received the Hearing Notice, saying instead that there was insufficient evidence to overcome the presumption that it was delivered.  The BIA observed that "the record does not contain any evidence that either the [H]earing [N]otice, or the in absentia order of removal, were returned to the Immigration Court" and that there was nothing to suggest that the Hearing Notice went to the wrong address or that Nawaz was having mail delivery problems more generally.  (A.R. at 3-4.)  The BIA also pointed out that Nawaz had not produced any affidavits from others who could verify that he had not received notice or any filings he made for clarification from DHS or the Immigration Court.

II.    DISCUSSION[3]

Our review of the BIA's denial of a motion to reopen is "highly deferential: we

---

[2] DHS records indicate that "[Nawaz]'s marriage … has been found to be fraudulent." (A.R. at 58.)  Whether that refers to his present marriage is unclear.

[3] "We exercise jurisdiction to review the BIA's final order of removal under

4

review the denial of a motion to reopen for abuse of discretion" and will not disturb the decision unless it is "arbitrary, irrational, or contrary to law." *Guo v. Ashcroft*, 386 F.3d 556, 562 (3d Cir. 2004). We review underlying factual findings for substantial evidence and will uphold them if they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992). Our review of questions of law is de novo. *B.C. v. Att'y Gen.*, 12 F.4th 306, 313 (3d Cir. 2021).

Nawaz advances two arguments on appeal. First, he contends that the IJ and BIA erred in concluding that he had received the Hearing Notice and ignored it despite what he characterizes as his repeated efforts to timely participate in the removal proceedings. Second, he contends that the IJ's entry of a removal order *in absentia*, without giving him notice, violated due process. He cannot prevail on either of those arguments.

As to the first, Nawaz contends that the IJ and the BIA, "erred in assuming that [he] received notice of the hearing and simply chose not to attend[,]" and that they overlooked "the overwhelming evidence that he made numerous, deliberate[,] and consistent attempts to find out when his hearing was scheduled." (Opening Br. at 8). He points to the fact that he went to the Immigration Court on October 11, the date listed on his NTA, and that he retained counsel to prepare for his hearing. His efforts to "comply

---

Section 242(a) of the INA, 8 U.S.C. § 1252(a)." *Santana Gonzalez v. Att'y Gen.*, 506 F.3d 274, 276 (3d Cir. 2007). "Ordinarily, Courts of Appeals review decisions of the [BIA], and not those of an IJ." *Camara v. Att'y Gen.*, 580 F.3d 196, 201 (3d Cir. 2009). We review the IJ's decision only "to the extent the BIA substantially relied on that opinion." *B.C. v. Att'y Gen.*, 12 F.4th 306, 313 (3d Cir. 2021) (quotation marks omitted).

with all requirements," says Nawaz, were enough to show that he did not receive notice, even without supporting affidavits from others. (Opening Br. at 9-10).

An *in absentia* order may be reopened if a petitioner demonstrates that he "'did not receive notice' of the [removal] hearing[.]" *Santana Gonzalez v. Att'y Gen.*, 506 F.3d 274, 276-77 (3d Cir. 2007) (quoting 8 U.S.C. § 1229a(b)(5)(C)). "[T]he key question in reopening a removal proceeding for lack of notice is not whether the Immigration Court properly mailed the notice to the alien, but whether the alien actually *received* the notice." *Id*. at 277. Notices sent by regular mail are entitled to a presumption of delivery, but that presumption may be rebutted by submission of an affidavit by an alien claiming non-receipt of a notice of hearing, along with circumstantial evidence corroborating the alien's claims of non-receipt. *Id*. at 279-80.

We can readily understand Nawaz's frustration at the administrative rulings that, in his view, have deprived him of a hearing. But, on this record, we cannot say that the IJ's finding that Nawaz received proper notice of the hearing was unsupported by substantial evidence. *See Guo*, 386 F.3d at 561 ("We will reverse [a BIA determination] only if 'the evidence not only supports [a contrary] conclusion, but compels it.'") (quoting *Elias-Zacarias*, 502 U.S. at 481 n.1) (second alteration in original)). The BIA justified the IJ's finding by, among other things, considering that Nawaz received the NTA through the mail without issue, that there were no indications that the Hearing Notice or the *in absentia* order were not properly mailed or had been sent to the wrong address, and that Nawaz did not report any other mail delivery problems at his home or provide supporting affidavits from others to back up his claims. The BIA considered

6

Nawaz's arguments about his trip to the Immigration Court and his retention of counsel but explained that they were insufficient to overcome the evidence supporting the presumption of delivery, particularly since Nawaz's counsel never entered an appearance prior to the mailing of the Hearing Notice. While we are sympathetic to Nawaz's continued assertion, backed up by an affidavit, that he never received the Hearing Notice, the standard of review on a motion to reopen constrains us here. Given the evidence supporting the decisions of the IJ and BIA, our skepticism that the agency made the right call is not enough to overcome the outcome dictated by the record and our deferential standard of review.

As to Nawaz's second argument, his due process rights were not violated. He claims that a lack of notice, combined with the entry of his removal order *in absentia*, amounted to "an egregious violation of due process." (Opening Br. at 12.) We have held, however, that entering a removal order *in absentia* does not itself violate due process because an alien has an opportunity to avoid such an order by attending the hearing and contesting the government's efforts to remove him. *Jean Louis v. Att'y Gen.*, 914 F.3d 189, 192 (3d Cir. 2019). And, as just discussed, substantial evidence supported the IJ's determination that Nawaz received proper notice, so we are bound by that finding. Since Nawaz had notice that the government was seeking to remove him and that he was entitled to appear before the IJ to oppose the entry of a removal order, he was not denied his right to "a hearing and an opportunity to be heard and present evidence." *Id.*

**III. CONCLUSION**

For the foregoing reasons, we will deny the petition for review.