Crisostomo-Temaj v. Garland

BIA
Hochul, IJ
A 208 908 012

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of October, two thousand twenty-two.

PRESENT:
   GUIDO CALABRESI,
   JOSÉ A. CABRANES,
   JOSEPH F. BIANCO,
      *Circuit Judges.*

_____

BELISARIO CRISOSTOMO-TEMAJ,
      *Petitioner*,

v.                                          20-3781
                                            NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
      *Respondent*.

_____

FOR PETITIONER:          Jose Perez, Law Offices of Jose Perez, P.C., Syracuse, NY.

FOR RESPONDENT:          Brian Boynton, Acting Assistant Attorney General; Holly M. Smith,

Assistant Director; Nehal H. Kamani, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Belisario Crisostomo-Temaj, a native and citizen of Guatemala, seeks review of an October 5, 2020 decision of the BIA summarily affirming a May 15, 2020 decision of an immigration judge ("IJ"), which denied his motion to rescind his order of removal entered *in absentia*. *In re Crisostomo-Temaj*, No. A 208 908 012 (B.I.A. Oct. 5, 2020), *aff'g* No. A 208 908 012 (Immig. Ct. Buffalo May 15, 2020). We assume the parties' familiarity with the underlying facts and procedural history.

Because the BIA issued a summary affirmance, we review the IJ's decision as the final agency decision. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008). We review the agency's denial of a motion to rescind for abuse of discretion. *Alrefae v. Chertoff*, 471 F.3d 353, 357 (2d Cir. 2006). "An abuse of discretion may be found in those

2

circumstances where the [agency]'s decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the [agency] has acted in an arbitrary or capricious manner." *Kaur v. BIA*, 413 F.3d 232, 233–34 (2d Cir. 2005) (per curiam) (internal quotation marks and citation omitted).

If a noncitizen fails to appear at his removal proceedings after being provided with written notice, the noncitizen "shall be ordered removed in absentia if [DHS] establishes by clear, unequivocal, and convincing evidence that the written notice was so provided and that the alien is removable." 8 U.S.C. § 1229a(b)(5)(A). However, an order of removal entered in absentia "may be rescinded . . . upon a motion to reopen filed within 180 days after the date of the order of removal if the alien demonstrates that the failure to appear was because of exceptional circumstances (as defined in subsection (e)(1))." *Id.* § 1229a(b)(5)(C)(i). "The term 'exceptional circumstances' refers to exceptional circumstances (such as battery or extreme cruelty to the alien or any child or parent of the alien, serious illness of the

3

alien, or serious illness or death of the spouse, child, or parent of the alien, but not including less compelling circumstances) beyond the control of the alien." *Id.* § 1229a(e)(1).

Crisostomo-Temaj alleged that he failed to appear at his hearing because his uncle who had planned to drive him unexpectedly had to pick up his own son, and the alternate driver he arranged had car trouble on the morning of the hearing. "[T]he alien bears the ultimate burden of introducing [corroborating] evidence without prompting from the IJ." *Chuilu Liu v. Holder*, 575 F.3d 193, 198 (2d Cir. 2009). Here, Crisotomo-Temaj failed to submit any affidavits or statements to corroborate his claim regarding the circumstances surrounding his failure to appear. Therefore, the IJ did not abuse its discretion in concluding that, given the absence of "specific, detailed evidence to corroborate his claim," Crisotomo-Temaj had failed to demonstrate "exceptional circumstances" warranting rescission of the removal order. Certified Administrative Record at 58 (quoting 8 § 1229a(e)(1)).

Furthermore, the IJ did not deprive Crisostomo-Temaj of

4

due process.  Crisostomo-Temaj did not dispute receiving notice, nor did he challenge the "exceptional circumstances" standard, and the IJ is authorized to enter an *in absentia* removal order when the noncitizen does not appear.  *See Jean Louis v. Att'y Gen. U.S.*, 914 F.3d 189, 192–93 (3d Cir. 2019) ("If we held that *in absentia* hearings violated due process, we would effectively invalidate 8 U.S.C. § 1229a(b)(5)(A), which specifically permits *in absentia* hearings. And we would perversely let aliens avoid removal by not attending their hearings. So *in absentia* removal orders do not categorically violate due process.").

Crisostomo-Temaj's remaining arguments fail.  He argues that the IJ improperly declined to waive the filing fee for his motion to reopen, but the record reflects that the IJ waived the fee.  He also asserts that the agency did not consider the impact of COVID-19 restrictions on his failure to appear in January 2020, but New York State and federal restrictions did not begin until March 2020, *see Melendez v. City of New York*, 16 F.4th 992, 997–1001 (2d Cir. 2021), and Crisostomo-Temaj did not exhaust this issue by raising it in his motion to rescind or on appeal to the BIA, *see Lin Zhong*

5

*v. U.S. Dep't of Justice*, 480 F.3d 104, 123 (2d Cir. 2007) ("usually . . . issues not raised to the BIA will not be examined by the reviewing court").

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6