**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 25-1403

———————

ERIKA EVELIN URQUILLA-PEREIRA,

Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

———————

On Petition for Review of a Final Order
Of the Board of Immigration Appeals
(BIA No.:  A208-377-341)
Immigration Judge:  Shana W. Chen

———————

Submitted under Third Circuit LAR 34.1(a)
on January 16, 2026

Before: SHWARTZ, CHUNG, and AMBRO, *Circuit Judges*

(Opinion Filed January 22, 2026)

———————

OPINION[*]

———————

———————

[*] This disposition is not an opinion of the full Court and under I.O.P. 5.7 does not constitute binding precedent.

AMBRO, *Circuit Judge*

Erika Urquilla-Pereira ("Urquilla"), a citizen of El Salvador, entered the United States seeking refuge from the depredations of MS-13. An Immigration Judge (IJ) denied her applications for asylum, withholding of removal, and Convention Against Torture (CAT) protection and ordered her removed from the country. The Board of Immigration Appeals (BIA) affirmed. We do not doubt MS-13 is a harrowing presence in her homeland. But she presented no evidence that anyone in the gang harmed her, threatened her, or even spoke to her before she fled. For that reason, we must deny her petition for review.

**I.**

On August 9, 2015, Urquilla entered the United States near Hidalgo, Texas as an unaccompanied minor. The Department of Homeland Security (DHS) soon initiated removal proceedings. She applied for asylum, withholding of removal, and CAT protection. In 2019, she gave birth to a son.

During removal proceedings before the IJ, Urquilla testified she fled El Salvador to escape violent gangs, particularly MS-13. Her cousin Milton had disappeared, and she suspected MS-13 had killed him. But she conceded no one knew if he was "alive or dead," AR133, or whether—let alone why—MS-13 had targeted him. She testified MS-13 had threatened her father, compelling him to pay $25 a month, and that masked men who were possibly gang members once had confronted her sister on the street with questions about him. But she also testified her family continued to live in her hometown, otherwise undisturbed.

2

The IJ denied Urquilla's applications for relief and ordered her removed to El Salvador. Although the IJ found her credible, it nevertheless found she was ineligible for the relief she requested. When she applied for asylum, she checked the box indicating she had experienced or feared persecution stemming from membership in a particular social group, but during the hearing counsel advised that he could not, consistent with legal ethics, propose any cognizable group. Additionally, the IJ found that Urquilla's fear of future persecution or torture from MS-13 was not objectively reasonable because her testimony did not show the gang had harmed or threatened her, much less persecuted or tortured her.

Urquilla appealed to the BIA. The BIA affirmed on the grounds that she did not experience past persecution, had no well-founded fear of persecution, and was unlikely to face torture. She petitions us for review of the BIA's decision.

## II.

We have jurisdiction under 8 U.S.C. § 1252(a). "Where the BIA affirms and partially reiterates the IJ's discussions and determinations, we look to both decisions." *Myrie v. Att'y Gen.*, 855 F.3d 509, 515 (3d Cir. 2017) (citing *Sandie v. Att'y Gen.*, 562 F.3d 246, 250 (3d Cir. 2009)). However, where "the Board relies only on some of the grounds given for denying relief, we review only these grounds." *Id.* (citing *Chukwu v. Att'y Gen.*, 484 F.3d 185, 193 (3d Cir. 2007)). We review the agency's factual findings for substantial evidence. *Thayalan v. Att'y Gen.*, 997 F.3d 132, 137 (3d Cir. 2021). Under this "highly deferential" standard, "the agency's findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* (cleaned up).

3

## III.

We deny Urquilla's petition for review. First, there is substantial evidence she is ineligible for asylum. To establish eligibility, an applicant must prove either that she "was previously persecuted on account of a statutorily enumerated ground" or that she "has a well-founded fear of future persecution" on such a ground. *Espinosa-Cortez v. Att'y Gen.*, 607 F.3d 101, 107 (3d Cir. 2010). Persecution encompasses "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom." *Id.* (quoting *Gomez-Zuluaga v. Att'y Gen.*, 527 F.3d 330, 340 (3d Cir. 2008). A fear of persecution is "well-founded" only if it is "both subjectively and objectively reasonable." *Id.* at 108 (cleaned up).

The BIA had substantial evidence Urquilla had not been persecuted. By her own testimony, she had not been harmed or threatened before she left El Salvador. We do not question the fear she felt after her cousin's disappearance or MS-13's demand of her father. But by her own account, there was no evidence MS-13 kidnapped or killed her cousin. Even if there were, there was no evidence MS-13 would do to her what she feared it did to him. Further, MS-13 never threatened to extort her as it was extorting her father. And her family continued to live in the town she fled, apparently without other harm. The same reasons support the BIA's finding she had no well-founded fear she would be persecuted if she were removed to El Salvador.

The bulk of Urquilla's brief challenges two issues beyond the scope of our review. She challenges the IJ's reliance on two Attorney General decisions that were subsequently vacated: *Matter of A-B-*, 27 I&N Dec. 316 (A.G. 2018), and *Matter of L-E-A-*, 27 I&N Dec.

4

581 (A.G. 2019). However, the BIA expressly disclaimed any reliance on those decisions, so we do not look to them in considering this petition. *See Myrie*, 855 F.3d at 515. In any event, the Justice Department has restored the vacated decisions. *See Matter of S-S-F-M-*, 29 I&N Dec. 207 (A.G. 2025); *Matter of R-E-R-M-*, 29 I&N Dec. 202 (A.G. 2025). Urquilla also argues the BIA should have recognized that she faced or would face persecution on the basis of membership in two particular social groups: "El Salvadoran females" and "El Salvadoran single mothers." But the BIA did not affirm the IJ's decision for lack of a cognizable social group. Instead, it found Urquilla was not persecuted and did not have a well-founded fear of future persecution. So this issue, too, is beyond our purview. The BIA had sufficient grounds to find she was ineligible for asylum.

Second, there is substantial evidence Urquilla is ineligible for withholding of removal. An applicant is eligible for withholding of removal if she "establish[es] a clear probability of persecution, *i.e.*, that it is more likely than not . . . she would suffer persecution upon returning home." *S.E.R.L. v. Att'y Gen.*, 894 F.3d 535, 544 (3d Cir. 2018) (quoting *Valdiviezo-Galdamez v. Att'y Gen.*, 663 F.3d 582, 591 (3d Cir. 2011)) (cleaned up). Because "that standard is more demanding than that governing eligibility for asylum," a person ineligible for asylum "is necessarily ineligible for withholding of removal." *Id.* (cleaned up). That is the case here.

Third, there is substantial evidence Urquilla is ineligible for CAT protection as well. An applicant is eligible for CAT protection if she establishes that it is more likely than not that she would be tortured if removed and public officials will commit or acquiesce to the torture. *Quinteros v. Att'y Gen.*, 945 F.3d 772, 786 (3d Cir. 2019). The BIA had ample

5

reason to conclude Urquilla did not meet this burden. She did not testify she had been tortured or even threatened with torture. On appeal, she points to evidence of the dangerous conditions in El Salvador. But on its own, evidence of country conditions is "insufficient to demonstrate that it is more likely than not that a particular civilian . . . will be tortured" if she is removed there. *Tarrawally v. Ashcroft*, 338 F.3d 180, 188 (3d Cir. 2003). And the "specter of torture must be supported by specific evidence that the individual applicant is more likely than not to be singled out." *Hernandez Garmendia v. Att'y Gen.*, 28 F.4th 476, 484 (3d Cir. 2022). There was no such evidence here. As a result, her CAT protection claim falls short.

*     *     *     *

Substantial evidence supports the BIA's decision to deny Urquilla's applications for asylum, withholding of removal, and CAT protection. We thus deny her petition for review.

6