**Enrique Antonio GALO–GARCIA, Petitioner,**

v.

**IMMIGRATION & NATURALIZATION SERVICE, Respondent.**

No. 95–70138.

United States Court of Appeals, Ninth Circuit.

Submitted June 6, 1996.*

Decided June 18, 1996.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34–4.

Before: BRUNETTI and RYMER, Circuit Judges, and TANNER,** District Judge.

PER CURIAM:

Enrique Antonio Galo–Garcia, a native and citizen of Nicaragua, petitions for review of the dismissal by the Board of Immigration Appeals for lack of jurisdiction of his appeal from the denial of his application for safe haven and nonreturn under customary international law. We have jurisdiction, 8 U.S.C. § 1105a(a), and we deny the petition for review.

## I

Galo entered the United States without inspection on July 3, 1985. In response to an Order to Show Cause, Galo obtained counsel and filed an application for asylum (and, by extension, for withholding of deportation). At his hearing, however, Galo announced his intention to withdraw his application for asylum and withholding. The Immigration Judge repeatedly cautioned Galo that if he withdrew his application, the IJ would almost certainly decline to reopen his claim in the future. Galo responded that he understood, and reiterated his desire to withdraw the application for asylum and withholding. Instead, Galo explained, he wished to request safe haven and nonreturn, relying on customary international law. The IJ dismissed Galo's claims for lack of jurisdiction, and the BIA affirmed.

## II

Galo contends that the BIA had jurisdiction over his request for safe haven and nonreturn, even though neither the Immigration and Nationality Act nor the regulations promulgated under it explicitly provides for such jurisdiction. We disagree.

Terrence McGuire, Los Angeles, California, for petitioner.

William J. Howard, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for respondent.

** Honorable Jack E. Tanner, Senior United States District Judge, Western District of Washington, sitting by designation.

In interpreting the Immigration and Nationality Act, 8 U.S.C. §§ 1101–1557, the BIA has repeatedly held that "the Board's appellate jurisdiction is defined by the regulations set forth in 8 C.F.R. § 3.1(b)" and that "[u]nless the regulations affirmatively grant us power to act in a particular matter, we have no appellate jurisdiction over it." *Matter of Sano*, 19 I & N Dec. 299, 300–01 (BIA 1985); *see also Matter of Hernandez–Puente*, Int. Dec. 3153, at 5 (BIA 1991) ("Our jurisdiction is defined by the regulations and we have no jurisdiction unless it is affirmatively granted by the regulations."); *Matter of Medina*, 19 I & N Dec. 734, 746 (BIA 1988) (authority to consider claims limited to that the which has been delegated by the Attorney General). Because the BIA's interpretation is not "arbitrary, capricious, or manifestly contrary to the statute," we must defer to it. *Fisher v. INS*, 79 F.3d 955, 961 (9th Cir.1996) (en banc) (quotation and citations omitted). Neither the Immigration and Nationality Act nor its regulations affirmatively grants jurisdiction over claims arising under customary international law.[1] Accordingly, the IJ (and BIA) lack jurisdiction over Galo's claim, unless jurisdiction is somehow conferred independently by virtue of an obligation to ascertain and administer customary international law, as Galo contends.

■ While it has long been recognized that "[i]nternational law is part of our law," and that "where there is no treaty, and no controlling executive or legislative act or judicial decision, resort must be had to the customs and usages of civilized nations," *The Paquete Habana*, 175 U.S. 677, 700, 20 S.Ct. 290, 299, 44 L.Ed. 320 (1900), where a controlling executive or legislative act does exist, customary international law is inapplicable, *Committee of U.S. Citizens Living in Nicaragua v. Reagan*, 859 F.2d 929, 939 (D.C.Cir. 1988); *Garcia–Mir v. Meese*, 788 F.2d 1446, 1453 (11th Cir.), *cert. denied*, 479 U.S. 889, 107 S.Ct. 289, 93 L.Ed.2d 263 (1986).

Congress has enacted a comprehensive scheme for the admission of refugees into this country. Of particular relevance here are the Refugee Act of 1980, Pub.L. No. 96–212, 93 Stat. 102 (1980), and the Immigration Act of 1990, Pub.L. No. 101–649, 104 Stat. 4978 (1990) (IMMACT). The procedure for securing nonreturn is set forth in 8 U.S.C. § 1253(h), which provides that "[t]he Attorney General shall not deport or return any alien ... to a country if the Attorney General determines that such alien's life or freedom would be threatened in such country on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1253(h)(1). If Galo believed he qualified for nonreturn, the proper course of action was to apply for withholding of deportation or nonreturn under 8 U.S.C. § 1253(h). Alternatively, he could have sought asylum under 8 U.S.C. § 1158(a). Galo voluntarily withdrew his application for asylum and withholding, despite numerous warnings that doing so would destroy the court's jurisdiction to hear his claim.

Likewise, § 302 of IMMACT, codified at 8 U.S.C. § 1254a, establishes a procedure for obtaining safe haven or "temporary protected status." Among the requirements for eligibility for temporary protected status is the requirement that an alien be either "a national of a state designated" under the Act or, "in the case of an alien having no nationality, ... a person who last habitually resided in such designated state." 8 U.S.C. § 1254a(c)(1)(A). Nicaragua has not been designated under the Act by the Attorney General and "[t]here is no judicial review of any determination of the Attorney General with respect to the designation, or termination or extension of designation, of a foreign state under [§ 1254a(b) ]." 8 U.S.C. § 1254a(b)(5)(A).

Because Congress has enacted an extensive legislative scheme for the admission of refugees, customary international law is inapplicable and cannot confer jurisdiction enabling either the IJ or the BIA to hear Galo's claim.

PETITION DENIED.

---

1. Galo directs us to *Filartiga v. Pena–Irala*, 630 F.2d 876 (2d Cir.1980), which held that federal question jurisdiction extends to claims based on customary international law. *Id.* at 887. *Filartiga* does not help Galo because neither the IJ nor the BIA has federal question jurisdiction.