110 F.3d 72
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Henry Antonio ZELAYA-VASQUEZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70455.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 6, 1997.*
Decided March 31, 1997.
 
 Before: SCHROEDER, WIGGINS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Henry Antonio Zelaya-Vasquez ("Zelaya"), a native and citizen of El Salvador, petitions for review of the decision of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") order of deportation pursuant to § 241(a)(1)(B) of the Immigration and Nationality Act.
 
 
 3
 In his appeal to the BIA, Zelaya challenged only the IJ's refusal to grant safe haven based on his finding that he lacked jurisdiction.[1] AR at 8-11. The BIA in its decision affirming the IJ's order of voluntary deportation stated:
 
 
 4
 The respondent has timely appealed form the decision of the Immigration Judge dated December 5, 1995. Deportability has been conceded. The sole issue on appeal is whether the Immigration Judge correctly denied the respondent's motion for safe haven.
 
 In a footnote the BIA added:
 
 5
 We observe the respondent withdrew his applications for asylum and withholding of deportation pursuant to sections 208(a) and 243(h) of the Act, 8 U.S.C. § 1158(a) and 1253(h) at his deportation hearing (Tr. at 11).
 
 
 6
 AR at 2. The BIA affirmed the IJ's finding that there was no jurisdiction over Zelaya's application for safe haven.
 
 
 7
 In his petition for review to this court, Zelaya does not contest the BIA's affirmance of the IJ's denial of his safe haven claim. Instead, Zelaya asserts that his petition should be granted based on ineffective assistance of prior counsel before the IJ when he was led to abandon the application for asylum.
 
 
 8
 We have no jurisdiction over this issue because Zelaya failed to exhaust his administrative remedies by presenting this claim first to the BIA:
 
 
 9
 A petitioner must make a motion to the BIA to reopen before we will hold that he has exhausted his administrative claims. In Roque v. Carranza v. INS, 778 F.2d 1373 (9th Cir.1985), where petitioner sought to present new evidence to this court, citing counsel's incompetence as the reason the evidence was not available earlier, we said he must first move to reopen his case before the BIA. The exhaustion requirement avoids "premature interference with the agency's processes" and helps to compile a full judicial record.
 
 
 10
 ... It is not the law that a petitioner who has procedural grounds for seeking to reopen his administrative proceedings because of incompetent counsel may proceed directly to this court, finessing the BIA.
 
 
 11
 Liu v. Waters, 55 F.3d 421, 424-25 (9th Cir.1995); see also Baria v. Reno, 94 F.3d 1335, 1341 (9th Cir.1996).
 
 
 12
 The petition for review is DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 "Safe haven" or "non-return" is a customary principle of international law by which a state may provide emergency protection for aliens fleeing from dangerous or otherwise adverse conditions in their homeland. We have held that the INS has no jurisdiction over claims for safe haven, stating that
 [t]he procedure for securing nonreturn is set forth in 8 U.S.C. § 1253(h), which provides that "[t]he Attorney General shall not deport or return any alien ... to a country if the Attorney General determines that such alien's life or freedom would be threatened in such country on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1253(h)(1).
 Galo-Garcia v. INS, 86 F.3d 916, 918 (9th Cir.1996).