**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 09 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JULIO CESAR CORTEZ-GASTELUM, | No. 11-72385 |
| Petitioner, | Agency No. A098-300-920 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 19, 2013[**]

Before:    HUG, FARRIS, and LEAVY, Circuit Judges.

Julio Cortez-Gastelum, a native and citizen of Mexico, petitions pro se for

review of a decision from the Board of Immigration Appeals ("BIA") in which the

BIA denied his motion to remand and dismissed his appeal from the immigration

judge's ("IJ") denial of relief in the form of asylum, withholding of removal, and

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

protection under the Convention Against Torture ("CAT").  Where the BIA

conducts its own review of the evidence and law rather than adopting the IJ's

decision, we limit our review to the BIA's decision, except to the extent that the

IJ's opinion is expressly adopted.  *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th

Cir. 2006).  We review legal questions de novo and factual findings for substantial

evidence.  *Lopez-Cardona v. Holder*, 662 F.3d 1110, 1111 (9th Cir. 2011).

The BIA's denial of a motion to reopen and remand is reviewed for abuse of

discretion.  *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005).  "The BIA

abuses its discretion when it acts arbitrarily, irrationally, or contrary to the law."

*Id.* (internal quotation marks omitted).  We have jurisdiction under 8 U.S.C. §

1252(a), and we deny the petition for review.[1]

Cortez-Gastelum does not challenge the agency's denial of asylum,

withholding of removal, or protection under CAT.  He therefore has waived these

claims.  *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011).

If an alien files a motion to reopen while his appeal is pending before the

BIA, it is treated as a motion to remand to the IJ for further proceedings.

*Movsisian v. Ashcroft*, 395 F.3d 1095, 1097 (9th Cir. 2005).  The requirements for

---

[1]  Because the parties are familiar with the facts underlying this appeal, we do not recount the facts here.

2

a motion to reopen and a motion to remand are the same. *Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1063 (9th Cir. 2008). The agency may deny a motion to remand based on failure to introduce previously unavailable, material evidence or based on failure to establish a prima facie case for the relief sought. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). The BIA did not abuse its discretion in denying Cortez-Gastelum's motion to remand based on a country report that was entered into evidence and expressly considered by the IJ during the merits hearing. *See id.* (the agency may deny a motion to remand based on failure to introduce previously unavailable, material evidence).

The BIA did not abuse its discretion in declining to address Cortez-Gastelum's argument that he was eligible for a U-Visa under 8 U.S.C. § 1101(a)(15)(U) because United States Citizenship and Immigration Services has sole jurisdiction over such relief. *See* 8 C.F.R. § 214.14(c)(1); *Lee v. Holder*, 599 F.3d 973, 975-76 (9th Cir. 2010). Moreover, the BIA did not abuse its discretion in denying Cortez-Gastelum's motion to remand so that he could pursue a U-Visa because he did not provide evidence showing that he was eligible for such relief. *See Najmabadi*, 597 F.3d at 986 (the agency may deny a motion for remand based on failure to show prima facie eligibility for the relief sought).

We reject Cortez-Gastelum's claim that his due process rights were violated because he did not receive the State Department's Country Report until two weeks before his merits hearing. To prevail on a due process claim, an alien must show: 1) that he was denied a full and fair hearing of his claims and a reasonable opportunity to present evidence on his behalf; and 2) that he was prejudiced as a result. *Salgado-Diaz v. Gonzales*, 395 F.3d 1158, 1162 (9th Cir. 2005). Even if Cortez-Gastelum could establish that his hearing was fundamentally unfair, he could not show prejudice because substantial evidence supports the agency's conclusion that he failed to meet his burden of proof for asylum, withholding, or CAT relief. *See Payagon v. Holder*, 675 F.3d 1182, 1191-92 (9th Cir. 2011) (holding that petitioner did not show prejudice where the alleged violation did not affect his eligibility for relief); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151-52 (9th Cir. 2010) (holding that generalized evidence of violence and crime was insufficient to establish eligibility for asylum, withholding, or relief under CAT).

Cortez-Gastelum's claim that his removal violates customary international law fails. Where controlling legislation exists, customary international law does not apply. *Galo-Garcia v. INS*, 86 F.3d 916, 918 (9th Cir. 1996).

We reject any remaining contentions as meritless.

**PETITION FOR REVIEW DENIED.**

4