# Matter of J-A-F-S-, Respondent

*Decided August 28, 2025*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

An Immigration Judge generally should not continue an individual hearing based on a respondent's speculative assertion that he or she may be eligible for a new form of relief from removal not previously raised.

FOR THE RESPONDENT: Monica N. Ganjoo, Esquire, San Jose, California

FOR THE DEPARTMENT OF HOMELAND SECURITY: Jessica E. Long, Assistant Chief Counsel

BEFORE: Board Panel: MALPHRUS, Chief Appellate Immigration Judge; HUNSUCKER, Appellate Immigration Judge; MCCLOSKEY, Temporary Appellate Immigration Judge.

MALPHRUS, Chief Appellate Immigration Judge:

The Department of Homeland Security ("DHS") has filed an interlocutory appeal from the Immigration Judge's June 5, 2025, decision granting the respondent's motion to continue the individual hearing. The appeal will be sustained, the Immigration Judge's decision will be vacated, and the record will be remanded.

Although the Board does not generally entertain interlocutory appeals, we have ruled on the merits of interlocutory appeals to address important jurisdictional questions regarding the administration of immigration laws and to correct recurring problems in the handling of cases by Immigration Judges. *See Matter of M-D-*, 24 I&N Dec. 138, 139 (BIA 2007). This case raises important issues regarding continuances in the context of individual hearings. Because these issues often become moot prior to a case appeal and therefore evade review, we deem it appropriate to exercise jurisdiction over this interlocutory appeal.

## I. FACTUAL AND PROCEDURAL HISTORY

DHS placed the respondent in removal proceedings in 2015. In 2017, the respondent filed a Form I-589, Application for Asylum and for Withholding of Removal. Later, in August 2022, the respondent filed a motion for

extension of time to seek prosecutorial discretion with DHS, and the Immigration Judge granted the motion. This case was set for an individual hearing on January 2, 2025. After the respondent filed a motion for continuance due to counsel's unavailability, the individual hearing was rescheduled for June 5, 2025. On May 21, 2025, the respondent filed a second motion for continuance of the individual hearing, this time to gather evidence in support of an application for special rule cancellation of removal for battered spouses under section 240A(b)(2)(A) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1229b(b)(2)(A) (2018). DHS filed a brief opposing the motion. The Immigration Judge ordered the parties to appear at the scheduled hearing date and converted the hearing to a case status conference, in effect granting the request for a continuance of the individual hearing.

At the hearing, the respondent's counsel stated that the respondent had been physically abused recently by his wife and requested additional time to ascertain the facts, gather evidence, and pursue appropriate relief. The respondent's counsel also explained that he was considering filing a motion to withdraw because of a past lack of communication and cooperation by the respondent. DHS opposed the motion for continuance for lack of good cause shown. Specifically, DHS argued that relief was speculative because the respondent had not filed a cancellation application and may not be able to establish good moral character or that he merits a favorable exercise of discretion because of his criminal history. DHS further argued in its reply brief that the respondent failed to describe the type of documents he sought a continuance to obtain, specify the amount of time necessary to gather the desired evidence, or explain why the documents were not previously submitted. Further, DHS emphasized that the respondent had been in removal proceedings for a decade, and the respondent's current counsel had already sought and been granted a motion for continuance.

The Immigration Judge granted the motion to allow the respondent to further investigate whether he would have relief available to him and to obtain and submit a record of his criminal history, including conviction documents. DHS then filed this interlocutory appeal.

## II. ANALYSIS

An Immigration Judge may, in the exercise of discretion, grant a motion for continuance for good cause shown. 8 C.F.R. § 1003.29 (2025). The Attorney General has specified that the primary factors an Immigration Judge should consider in assessing whether good cause exists to grant a continuance to seek additional relief are: "(1) the likelihood that the alien will receive

the . . . relief, and (2) whether the relief will materially affect the outcome of the removal proceedings." *Matter of L-A-B-R-*, 27 I&N Dec. 405, 413 (A.G. 2018). Immigration Judges must also consider relevant "secondary factors," which include, but are not limited to, the respondent's diligence in seeking the additional relief, DHS's position on the motion for continuance, administrative efficiency, the length of the continuance requested, the number of hearings held and continuances granted previously, and the timing of the motion to continue. *Id.* at 415–17. It is also relevant to consider whether the respondent merits a favorable exercise of discretion. *See Matter of Hashmi*, 24 I&N Dec. 785, 790 (BIA 2009).

At the same time, it is well settled that "Immigration Judges and the Board have a duty to promptly and fairly bring removal proceedings to a close." *Matter of B-N-K-*, 29 I&N Dec. 96, 100 (BIA 2025); *see also Matter of Quintero*, 18 I&N Dec. 348, 350 (BIA 1982) (observing that Immigration Judges have a "duty" to resolve immigration proceedings "in an expeditious manner"). "There is an important public interest in the finality of immigration proceedings." *Matter of W-Y-U-*, 27 I&N Dec. 17, 19 (BIA 2017).

Having certainty in individual hearing dates is important, as it allows the parties and court staff to plan and prepare for the hearing and promotes timely adjudication of applications for relief. *See generally Tucci v. Tropicana Casino and Resort, Inc.*, 834 A.2d 448, 451 (N.J. Super. Ct. App. Div. 2003) (explaining that rules intended to establish credible trial dates are undermined by last-minute or "eve of trial" adjournments). Immigration Judges should closely scrutinize any request for a continuance that is made close to or on the day of an individual hearing.[1] Individual hearings for non-detained cases are frequently scheduled far in advance due to the Immigration Courts' extremely high caseloads. Individual hearings that are continued close to or on the date they are scheduled often cannot be replaced with other cases and may result in wasting valuable resources, including the time of judges, opposing counsel, and hearing witnesses, the cost of interpreters, and the burden on other court personnel to reschedule the hearing. *See Matter of L-A-B-R-*, 27 I&N Dec. at 407 (recognizing the burden that continuances place on Immigration Court operations).

---

[1] It may not be in a respondent's best interest to have their hearing for asylum or other relief repeatedly delayed for long periods of time given that country conditions or personal circumstances may change during the pendency of proceedings. *See INS v. Ventura*, 537 U.S. 12, 17–18 (2002) (recognizing that the passage of time may result in changed country conditions relevant to assessing eligibility for relief).

Moreover, it is important for Immigration Judges not to allow continuances to be used as "a dilatory tactic." *Id*. This risk is greater when a continuance is requested at the time of the individual hearing. *See INS v. Rios-Pineda*, 471 U.S. 444, 450 (1985) ("One illegally present in the United States who wishes to remain already has a substantial incentive to prolong litigation in order to delay physical deportation as long as possible.")

With those considerations in mind, we conclude upon de novo review that the Immigration Judge erred in finding the respondent demonstrated good cause for a continuance. *See* 8 C.F.R. §§ 1003.1(d)(3)(ii), 1003.29 (2025). The respondent requested a continuance to investigate his possible eligibility for special rule cancellation of removal, a form of relief he had not previously raised before the Immigration Judge. While a continuance to investigate and gather evidence regarding a respondent's eligibility for relief is often appropriate at the start of removal proceedings, an Immigration Judge generally should not continue an individual hearing based on a respondent's speculative assertion that he or she may be eligible for a form of new relief from removal not previously raised.

We agree with DHS that the respondent's eligibility for special rule cancellation of removal is highly speculative. The respondent has not presented a reasonable likelihood that he will be able to satisfy the requirements for this relief. *See Fonseca-Fonseca v. Garland*, 76 F.4th 1176, 1179 (9th Cir. 2023) (clarifying the standard for prima facie eligibility). The respondent's motion for continuance was not accompanied by a cancellation of removal application or even evidence that he is married to a United States citizen or lawful permanent resident and has been battered or subjected to extreme cruelty. *See* INA § 240A(b)(2)(A)(i)(I)–(II), 8 U.S.C. § 1229b(b)(2)(A)(i)(I)–(II); *see also INS v. Phinpathya*, 464 U.S. 183, 188 n.6 (1984) (noting that statements by counsel are not evidence and are not entitled to evidentiary weight). Nor has the respondent provided any evidence that he would be able to establish that he is a person of good moral character or that he merits a favorable exercise of discretion, particularly considering the evidence submitted by DHS that indicates he was convicted in 2023 for spousal battery, false imprisonment, preventing or dissuading a witness from reporting, and damaging a wireless communication device. *See* INA § 240A(b)(2)(A)(iii), 8 U.S.C. § 1229b(b)(2)(A)(iii); *see also* 8 C.F.R. § 1240.8(d) (2025) (stating that an alien has the burden of establishing statutory eligibility and that he or she warrants a favorable exercise of discretion).

In addition to likelihood of success on the requested relief, secondary factors, including diligence and administrative efficiency, may be highly

significant in determining whether there is good cause to continue an individual hearing.  *See Matter of L-N-Y-*, 27 I&N Dec. 755, 758 (BIA 2020).  Respondents and counsel need to evaluate avenues for relief promptly after proceedings are initiated rather than waiting until close to or at the time of the individual hearing.  While the motion asserts that the respondent revealed his abuse to his counsel less than a month before the individual hearing, it is not clear when this alleged abuse occurred.  Thus, the evidence does not demonstrate that the respondent acted diligently in pursuing special rule cancellation of removal.[2]  Likewise, while the Immigration Judge granted the continuance to allow the respondent to present records of his criminal history, his failure to present such evidence prior to the scheduled individual hearing demonstrates a lack of diligence and was actually a basis to deny the motion, not grant it.  *See Matter of Sibrum*, 18 I&N Dec. 354, 356 (BIA 1983) (concluding that an alien seeking a continuance based on an asserted lack of preparation "at least must make a reasonable showing that the lack of preparation occurred despite a diligent good faith effort to be ready to proceed").

Moreover, administrative efficiency weighs against the grant of a continuance in this case.  At the time of the present motion for continuance, the respondent had been in removal proceedings for over a decade and had requested and been granted prior continuances.  In fact, the respondent's individual hearing had previously been continued and thus the present motion was a request for another continuance of the individual hearing.  Additionally, in requesting another continuance, the respondent did not specify the amount of time needed to investigate his potential eligibility for special rule cancellation of removal.  *See Matter of L-N-Y-*, 27 I&N Dec. at 759 (noting that administrative efficiency weighed against a continuance where the respondent was "requesting a continuance for an unknown and potentially lengthy period of time").  The fact that the respondent could potentially demonstrate eligibility for relief in the future is not good cause to continue an individual hearing.

"[C]ontinuances are themselves intended to promote efficient case management."  *Matter of L-A-B-R-*, 27 I&N Dec. at 416.  In granting the continuance of the individual hearing in this case, the Immigration Judge's decision had the opposite effect.  Thus, for the reasons discussed, we will sustain DHS' interlocutory appeal and remand the record for the Immigration

---

[2]   The lack of due diligence may have been the fault of the respondent for not adequately communicating with his counsel, although the Immigration Judge did not inquire why the respondent had not previously raised his possible eligibility for special rule cancellation of removal.

Judge to promptly schedule a final individual hearing to consider any applicable relief from removal.

**ORDER:** DHS' appeal is sustained, and the Immigration Judge's June 5, 2025, order granting a continuance is vacated.

**FURTHER ORDER:** The record is remanded for further proceedings consistent with the foregoing opinion.