# Matter of Julian Santiago PINZON ROZO, Respondent

*Decided March 11, 2026*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The Immigration Judge erred in granting the respondent, who has an approved petition for special immigrant juvenile classification, a continuance to await the availability of a visa, where the respondent's priority date will not be current for an uncertain and lengthy period of time.

FOR THE RESPONDENT: Johanna T. Sanchez-Albarracin, Esquire, Wainscott, New York

FOR THE DEPARTMENT OF HOMELAND SECURITY: Edward P. Lombardo, Assistant Chief Counsel

BEFORE: Board Panel: MALPHRUS, Chief Appellate Immigration Judge; CHABAN, Appellate Immigration Judge; MCCLOSKEY, Temporary Appellate Immigration Judge.

MALPHRUS, Chief Appellate Immigration Judge:

The Department of Homeland Security ("DHS") has filed an interlocutory appeal from the Immigration Judge's December 8, 2025, decision granting the respondent's motion for a continuance of his removal proceedings. Although the Board does not usually entertain interlocutory appeals, we deem it appropriate to do so here "to correct recurring problems in the handling of" continuance requests by Immigration Judges. *Matter of M-D-*, 24 I&N Dec. 138, 139 (BIA 2007). The appeal will be sustained, and the record will be remanded.

The respondent, a native and citizen of Colombia, was last admitted to the United States on December 3, 2018, as a nonimmigrant visitor for a period not to exceed 6 months. He overstayed his visa. On May 23, 2025, shortly after he turned 20 years old, he filed a visa petition for special immigrant juvenile classification under section 101(a)(27)(J) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101(a)(27)(J) (2024), with United States Citizenship and Immigration Services ("USCIS"). Several months later, DHS placed him in removal proceedings and charged him with removability under section 237(a)(1)(B) of the INA, 8 U.S.C. § 1227(a)(1)(B) (2024), for remaining in the United States for a time longer than permitted. The respondent conceded his removability and stated that he would not be filing any applications for relief from removal. Instead, he

stated that he would be moving for the Immigration Judge to administratively close or terminate removal proceedings based on the then-pending visa petition. USCIS approved the respondent's visa petition on November 4, 2025. The respondent then filed a motion with the Immigration Judge asking to administratively close or continue his removal proceedings pending the availability of a visa. The Immigration Judge denied the administrative closure request but agreed to continue the removal proceedings until February 12, 2027. The present appeal followed.

An Immigration Judge "may grant a motion for continuance for good cause shown." 8 C.F.R. § 1003.29 (2020); *see also Matter of L-A-B-R-*, 27 I&N Dec. 405, 415 (A.G. 2018) ("A respondent bears the burden of establishing good cause for a continuance."). Whether the Immigration Judge erred in granting a continuance is a legal question we review de novo. *See Matter of J-A-F-S-*, 29 I&N Dec. 195, 198 (BIA 2025); 8 C.F.R. § 1003.1(d)(3)(ii) (2026).

In determining whether good cause exists for a continuance based on the pendency of a collateral matter, an Immigration Judge "must focus principally on two factors: (1) the likelihood that the alien will receive the collateral relief, and (2) whether the relief will materially affect the outcome of the removal proceedings." *Matter of L-A-B-R-* 27 I&N Dec.at 413. The Immigration Judge should also consider secondary factors, including "whether the alien has exercised reasonable diligence in pursuing that relief, DHS's position on the motion, the length of the requested continuance, and the procedural history of the case." *Id*. The two primary factors are not dispositive when "there are relevant secondary factors that weigh against continuing the proceedings." *Matter of L-N-Y-*, 27 I&N Dec. 755, 758 (BIA 2020).

An alien whose petition for special immigrant juvenile classification has been approved by USCIS may apply for adjustment of status to lawful permanent residence "only when an immigrant visa is immediately available." *Matter of Cahuec Tzalam*, 29 I&N Dec. 300, 304 (BIA 2025); *see also* INA § 245(a), 8 U.S.C. § 1255(a) (2024) (discussing the general requirements for adjustment of status); 8 C.F.R. §§ 245.1(a), 1245.1(a) (2026) (same). The availability of visas, including special immigrant juvenile visas, is determined by the applicant's priority date, that is, the date the applicant filed the petition. *See* 22 C.F.R. § 42.51(b) (2026) (providing that visa numbers are made available "based on the chronological order of the priority dates of visa applicants").

According to the United States Department of State's visa bulletin, visas for aliens classified as special immigrant juveniles are currently only available to aliens who filed their visa petition before July 15, 2021. *See* Bureau of Consular Affs., U.S. Dep't of State, Visa Bulletin, Vol. XI, No. 12 (Mar. 2026), https://travel.state.gov/content/travel/en/legal/visa-law0/visa-bulletin/2026/visa-bulletin-for-march-2026.html; *see also Matter of Cahuec Tzalam*, 29 I&N Dec. at 304 (noting that special immigrant juveniles fall within the fourth preference employment-based visa category). The rate at which the currently eligible priority date moves forward often fluctuates and is subject to being pushed back in a process known as "retrogression," when actual demand for a visa category exceeds the available visas established in the INA and projected for issuance in each visa category by the State Department. *Cheejati v. Blinken*, 106 F.4th 388, 391–92 (5th Cir. 2024) (explaining the visa allocation and retrogression process). Thus, while the eligible priority date can change based on demand at a given time, there is presently a nearly 4-year gap between the currently eligible visa priority date and the respondent's priority date of May 23, 2025. The amount of time the respondent would have to wait for a visa number is highly uncertain and potentially lengthy.

The respondent has not met his burden to establish good cause for a continuance. *See Matter of L-A-B-R-*, 27 I&N Dec. at 415. Although the respondent would be eligible for adjustment of status if a visa were available and eligibility for adjustment would materially affect the outcome of his removal proceedings, the relevant secondary factors in this case strongly weigh against a continuance. The significant gap between the currently eligible visa priority date and the respondent's priority date militates against a continuance for an "unknown and potentially lengthy period of time" to await the availability of a visa. *Matter of L-N-Y-*, 27 I&N Dec. at 759; *see also Hernandez v. Garland*, No. 21-6340, 2024 WL 443374, *1 (2d Cir. Feb. 6, 2024) (unpublished) (holding that the Board "did not err in affirming the IJ's denial of a continuance" when "no [special immigrant juvenile] visa was immediately available to [the respondent] and there was still a year-long gap between the then-current visa availability date and [the respondent's] visa priority date"); *Matter of L-A-B-R-*, 27 I&N Dec. at 418 (holding that "good cause does not exist if the alien's visa priority date is too remote to raise the prospect of adjustment of status above the speculative level"). Indeed, we have long held that "the fact that [a] respondent has an approved visa petition does not entitle him to delay the completion of [removal] proceedings pending availability of a visa number." *Matter of Quintero*, 18 I&N Dec. 348, 350 (BIA 1982).

Moreover, in seeking a continuance, the respondent bears the burden to show he "demonstrated reasonable diligence in pursuing the collateral adjudication." *Matter of L-A-B-R-*, 27 I&N Dec. at 412. The respondent has not offered any explanation for why, despite last entering the United States in 2018, he waited to file his visa petition until 2025 at the age of 20. *See Pereida v. Wilkinson*, 592 U.S. 224, 240 (2021) (explaining that "evidentiary gaps work against" the party bearing the burden of proof). His failure to demonstrate diligence weighs against the grant of a continuance.

Finally, DHS' opposition based on its interest in the prompt resolution of these proceedings is also an important consideration in determining whether there is good cause for a continuance. *See Matter of L-A-B-R-*, 27 I&N Dec. at 416; *see also Matter of B-N-K-*, 29 I&N Dec. 96, 99 (BIA 2025) (noting the significant public interest in bringing immigration proceedings "to a close as promptly as is consistent with the interest in giving the adversaries a fair opportunity to develop and present their respective cases" (quoting *INS v. Abudu*, 485 U.S. 94, 107 (1988)). The respondent has conceded his removability and is not seeking any form of relief from removal before the Immigration Judge. *See Matter of B-N-K-*, 29 I&N Dec. at 99 (explaining that "the role of Immigration Judges and the Board is to adjudicate whether an alien is removable and eligible for relief from removal in cases brought by DHS"). Continuing to prolong these removal proceedings indefinitely over DHS' opposition when there is no dispute regarding the respondent's removability or eligibility for relief would significantly undermine "the public interest in expeditious enforcement of the immigration laws." *Matter of L-A-B-R-*, 27 I&N Dec. at 406.

In this case, the uncertain and potentially lengthy period of time until a visa would become available to the respondent, along with DHS' opposition to the respondent's motion for a continuance, strongly weigh against continuing removal proceedings to await the respondent's potential eligibility for adjustment of status. Balancing the relevant primary and secondary factors for assessing good cause, the Immigration Judge erred in granting the respondent, who has an approved petition for special immigrant juvenile classification, a continuance to await the availability of a visa, where the respondent's priority date will not be current for an uncertain and lengthy period of time. We will therefore sustain DHS' appeal and remand the record for further proceedings.

**ORDER:** The appeal is sustained.

**FURTHER ORDER:** The record is remanded for further proceedings consistent with the foregoing opinion and for the entry of a new decision.