# Matter of Terisita MEDINA MADRID, Respondent

*Decided March 13, 2026*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

Where the respondent's removal proceedings have been administratively closed for over 13 years, continued administrative closure is not warranted based on the respondent's intention to apply for a provisional unlawful presence waiver with United States Citizenship and Immigration Services.

FOR THE RESPONDENT: Pro se

FOR THE DEPARTMENT OF HOMELAND SECURITY: Crystal Morales, Assistant Chief Counsel

BEFORE: Board Panel: OWEN and GALLOW, Appellate Immigration Judges; PICOS, Temporary Appellate Immigration Judge.

GALLOW, Appellate Immigration Judge:

The Department of Homeland Security ("DHS") has filed an interlocutory appeal from the Immigration Judge's October 6, 2025, decision denying its motion to recalendar proceedings. Although we do not usually entertain interlocutory appeals, we deem it appropriate to do so here to ensure the proper application of the regulations governing the recalendaring of administratively closed cases. *See Matter of Cahuec Tzalam*, 29 I&N Dec. 300, 300 (BIA 2025). The appeal will be sustained, the Immigration Judge's decision will be vacated, the proceedings will be recalendared, and the record will be remanded to the Immigration Judge.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent, a native and citizen of Mexico, was placed in removal proceedings in 2004 and charged with removability under section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(a)(6)(A)(i) (2000), as an "alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." In 2007, the respondent filed an application for cancellation of removal for certain nonpermanent residents under section 240A(b)(1) of the INA, 8 U.S.C. § 1229b(b)(1) (2006).

DHS filed a motion to administratively close proceedings in the exercise of prosecutorial discretion, which the respondent did not oppose. The Immigration Judge granted the motion on January 24, 2013. Six years later, the respondent married a lawful permanent resident. The respondent's spouse filed a Form I-130, Petition for Alien Relative, on her behalf on October 1, 2019, and United States Citizenship and Immigration Services ("USCIS") approved the petition on November 14, 2024.

DHS filed a motion to recalendar proceedings on June 13, 2025. The respondent opposed DHS' motion to recalendar because she recently filed a Form I-824, Application for Action on an Approved Application or Petition, with USCIS in preparation of submitting a Form I-601A, Application for Provisional Unlawful Presence Waiver to obtain an immigrant visa through consular processing. The Immigration Judge denied DHS' motion because the respondent is actively pursuing collateral relief. The present appeal followed.

## II. DISCUSSION

Whether recalendaring removal proceedings is appropriate is a discretionary issue the Board reviews de novo. *See Matter of Ibarra-Vega*, 29 I&N Dec. 476, 476–77 (BIA 2026); 8 C.F.R. § 1003.1(d)(3)(ii) (2026). "Administrative closure is intended to be a docket management tool 'used to temporarily remove a case from an Immigration Judge's active calendar or from the Board's docket." *Matter of B-N-K-*, 29 I&N Dec. 96, 97 (BIA 2025) (quoting *Matter of W-Y-U-*, 27 I&N Dec. 17, 17–18 (BIA 2017)); *see also* 8 C.F.R. § 1003.18(c) (2026) ("Administrative closure is the temporary suspension of a case.").[1] "It is not a form of relief from removal, does not provide an alien with any immigration status, and is not intended to be used to delay proceedings indefinitely." *Matter of B-N-K-*, 29 I&N Dec. at 97.

Either party may move to recalendar an administratively closed case. *See* 8 C.F.R. § 1003.18(c)(2). "When a motion to recalendar is opposed by the nonmoving party, an Immigration Judge must consider the totality of the circumstances in deciding whether to grant the motion as a matter of discretion," including any factors listed at 8 C.F.R. § 1003.18(c)(3)(ii) and any other relevant factors. *Matter of Ibarra-Vega*, 29 I&N Dec. at 477–78;

---

[1] Section 1003.18(c) of title 8 of the Code of Federal Regulations governs administrative closure and recalendaring by Immigration Judges. The Board is governed by a materially identical regulation at 8 C.F.R. § 1003.1(l). "In light of recent Supreme Court precedent, serious questions have been raised about the constitutionality of administrative closure." *Matter of Ibarra-Vega*, 29 I&N Dec. at 483 n.3.

*accord* 8 C.F.R. § 1003.18(c)(3).  The primary consideration in determining whether recalendaring is appropriate is whether there are persuasive reasons for a case to proceed and be resolved on the merits.  *See Matter of B-N-K-*, 29 I&N Dec. at 100.

With this standard in mind, we conclude that the Immigration Judge erred in denying DHS' motion to recalendar based on the totality of the circumstances.  The regulations specify that when removal proceedings are administratively closed to allow the alien to pursue collateral relief, it is relevant to consider the length of time that elapsed between the date of administrative closure and the date the alien filed for collateral relief.  8 C.F.R. § 1003.18(c)(3)(ii)(D).   When removal proceedings are administratively closed for reasons unrelated to an alien's desire to file for collateral relief but eligibility for collateral relief is argued as a basis for continued administrative closure, we deem it equally important to consider the passage of time between the date of administrative closure and the filing of the application for collateral relief.  Where this exceeds a temporary period, continued administrative closure is heavily disfavored.

In this case, the removal proceedings were administratively closed in an exercise of prosecutorial discretion more than 13 years ago.  *See* 8 C.F.R. § 1003.18(c)(3)(ii)(C) (providing that the "length of time elapsed since the case was administratively closed" is a relevant factor in a recalendaring determination).  The respondent did not marry a lawful permanent resident until 6 years later and has been seeking collateral relief for the past 7 years.  She opposes recalendaring of this matter to allow her more time to seek collateral relief in the form of a provisional unlawful presence waiver.

The likelihood that the respondent will obtain a provisional unlawful presence waiver is speculative, as she has yet to file an application with USCIS.  *See* 8 C.F.R. § 1003.18(c)(3)(ii)(F) (listing the likelihood of success on collateral relief as a relevant factor for recalendaring).  Her desire to continue delaying removal proceedings based on her speculative eligibility to pursue a provisional unlawful presence waiver sometime in the future is not a persuasive reason against recalendaring.   *See* 8 C.F.R. § 1003.18(c)(3)(ii)(B) (providing that the "basis for any opposition to recalendaring" is a relevant factor).  Even if the respondent had filed for a provisional unlawful presence waiver, the average processing time for such an application is approximately 28 months.  USCIS, *Case Processing Times*, https://egov.uscis.gov/processing-times (last visited Mar. 11, 2026); *see also Matter of Ibarra Vega*, 29 I&N Dec. at 481 (stating that "absent unique circumstances specific to an individual case, administrative closure in excess of 6 months is presumptively unreasonable").

Additionally, the outcome of the respondent's removal proceedings is not impacted by her approved visa petition and intent to file a provisional unlawful presence waiver application. *See Matter of B-N-K-*, 29 I&N Dec. at 101 (concluding that a pending application for a collateral benefit that does not impact the outcome of removal proceedings generally will not warrant administrative closure). Even if the respondent's provisional unlawful presence waiver were granted, the respondent would have to depart the United States to pursue consular processing because she has not been admitted or paroled into the United States and is therefore ineligible for adjustment of status.[2] *See* INA § 245(a), 8 U.S.C. § 1255(a) (2024). Moreover, a final order of removal does not prevent the respondent from filing for a provisional unlawful presence waiver if she has filed an application seeking consent to reapply for admission and USCIS has approved that application. *See* 8 C.F.R. § 212.7(e)(4)(iv) (2026). Thus, these removal proceedings do not need to be administratively closed for the respondent to apply for a provisional unlawful presence waiver.

Under these circumstances, further administrative closure exceeds all reasonable interpretations of a temporary period. *See Matter of Ibarra Vega*, 29 I&N Dec. at 482 (holding that administrative closure for nearly 13 years exceeds common-sense meanings of a temporary or reasonably short period). Considering the respondent's application for cancellation of removal was never adjudicated, the lengthy period of administrative closure in this case has operated, in effect, as amnesty, allowing an otherwise removable alien to live indefinitely in the United States under a legally fictitious status. *See generally Galo-Garcia v. INS*, 86 F.3d 916, 918 (9th Cir. 1996) (explaining that the Board and Immigration Judges lack authority to grant relief not provided by the INA or regulations); *Matter of Medina*, 19 I&N Dec. 734, 746 (BIA 1988) (same).

"The expectation is that proceedings initiated by DHS will proceed to a conclusion." *Matter of B-N-K-*, 29 I&N Dec. at 99. Where, as here, the respondent's removal proceedings have been administratively closed for over 13 years, continued administrative closure is not warranted based on the respondent's intention to apply for a provisional unlawful presence waiver with USCIS. Thus, there are persuasive reasons for this case to proceed and be resolved on the merits. *See id.* at 100. Considering the strong public interest in the finality of immigration proceedings, we deem it appropriate to recalendar these proceedings. *See Matter of W-Y-U-*, 27 I&N Dec. at 19. Accordingly, we will reverse the Immigration Judge's denial of DHS' motion

---

[2] The respondent has not otherwise demonstrated eligibility for adjustment of status under section 245(i) of the INA, 8 U.S.C. § 1255(i) (2024).

to recalendar proceedings. DHS' appeal will be sustained, the removal proceedings will be recalendared, and the record will be remanded for further proceedings. In remanding, we express no opinion on the ultimate outcome of these proceedings.

**ORDER:** DHS' appeal is sustained, the Immigration Judge's October 6, 2025, decision is vacated, and the removal proceedings are recalendared.

**FURTHER ORDER:** The record is remanded to the Immigration Court for further proceedings consistent with the foregoing opinion.