# Matter of T-A-G-, et al., Respondents

*Decided June 23, 2026*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The Immigration Judge erred in denying the Department of Homeland Security's motion to pretermit the respondents' asylum applications based on their potential eligibility for collateral relief.

FOR THE RESPONDENTS:  Sheree Wright, Esquire, Phoenix, Arizona

FOR THE DEPARTMENT OF HOMELAND SECURITY:  Simona D. Roberts, Assistant Chief Counsel

BEFORE:  Board Panel:  MAHTABFAR, OWEN, and GALLOW, Appellate Immigration Judges.

GALLOW, Appellate Immigration Judge:

The Department of Homeland Security ("DHS") has filed an interlocutory appeal from the Immigration Judge's January 2, 2026, decision denying DHS' motion to pretermit the respondents' asylum applications because the respondents are the potential beneficiaries of pending petitions for alien relatives (Form I-130).  Although we do not ordinarily entertain interlocutory appeals, we deem it appropriate to do so here to correct a recurring problem in the handling of cases by Immigration Judges.  *Matter of M-D-*, 24 I&N Dec. 138, 139 (BIA 2007).  The interlocutory appeal will be sustained, the Immigration Judge's decision will be vacated, and the record will be remanded.

In March 2023, the respondents, who are natives and citizens of Belize, filed the first of three asylum applications.  On December 31, 2025, DHS moved to pretermit the respondents' applications, arguing that their claim contains several deficiencies warranting pretermission and that the respondents are subject to the Asylum Cooperative Agreements ("ACA") with Honduras, Guatemala, and Ecuador.  *See* section 208(a)(2)(A) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1158(a)(2)(A) (2024); *see also Matter of H-A-A-V-*, 29 I&N Dec. 233, 238 (BIA 2025) (explaining that Immigration Judges may pretermit asylum applications); *Matter of C-I-G-M- & L-V-S-G-*, 29 I&N Dec. 291, 295–97 (BIA 2025) (outlining the process for considering motions to pretermit based on the application of one

or more ACAs). At a master calendar hearing on January 2, 2026, both parties agreed to reset the master calendar hearing to October 1, 2026. That same day, the Immigration Judge entered an order denying DHS' motion to pretermit the respondents' asylum applications, without considering its merits, "pending adjudication of the Form I-130s filed on the respondents' behalf."

We conclude that the Immigration Judge erred in denying DHS' motion to pretermit the respondents' asylum applications based on the respondents' potential eligibility for collateral relief. The respondents' potential eligibility for another type of relief is not a factor for the Immigration Judge to consider when ruling on a motion to pretermit an asylum application. *See generally Matter of C-I-G-M- & L-V-S-G-*, 29 I&N Dec. at 299 (holding that the Immigration Judge erred in denying DHS' motion to pretermit an asylum claim based on the ACA bar and remanding for further consideration of that bar to asylum); *Matter of H-A-A-V-*, 29 I&N Dec. at 238 (concluding that an Immigration Judge may pretermit applications for asylum without a full evidentiary hearing on the merits of the claim where the factual allegations underlying the claim do not establish prima facie eligibility for such relief). This is particularly salient where, as here, the respondents' separate potential form of relief is not something within the Immigration Judge's authority to adjudicate. In this case, the Immigration Judge's order acknowledges that the respondents are classified as arriving aliens and are therefore unable to pursue adjustment of status in removal proceedings. *See* INA § 245(a), 8 U.S.C. § 1255(a) (2024). Thus, the outcome of the respondents' removal proceedings is not affected by the potential approval of their pending Form I-130s. *See Matter of Medina Madrid*, 29 I&N Dec. 514, 517 (BIA 2026) (finding that a pending application for collateral relief was not an appropriate basis for indefinite administrative closure of removal proceedings). If removability has been established and the respondents are found ineligible for relief, the Immigration Judge should issue orders of removal.

Accordingly, we will sustain DHS' appeal and remand the record to the Immigration Judge to adjudicate anew DHS' motion to pretermit. In remanding, we express no opinion on the ultimate outcome of these proceedings. *See Matter of L-O-G-*, 21 I&N Dec. 413, 422 (BIA 1996).

**ORDER:** DHS' interlocutory appeal is sustained, and the Immigration Judge's January 2, 2026, decision is vacated.

**FURTHER ORDER:** The record is remanded to the Immigration Court for further proceedings consistent with the foregoing opinion and for the entry of a new decision.